**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053
aanderson@abclawgroup.com

Adam C. Anderson/024314
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Modern Vascular, LLC, an Arizona LLC, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Nazar Golewale and Jane Doe Golewale, an Indiana marital community and Modern Vascular and Vein Center, LLC, an Indiana LLC, | |
| Defendants, | |

For its complaint, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company organized and conducting business in the State of Arizona.

2. Upon information and belief, Defendants Nazar Golewale and Jane Doe Golewale are an Indiana marital community.

3. Upon information and belief, Defendant Modern Vascular and Vein Center, LLC is a limited liability company organized under the laws of the State of Indiana. Defendant is formerly known as "Modern Vascular, LLC."

4. The Golewales, if married, were acting at all relevant times alleged herein on behalf of their respective marital communities.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 USC § 1121 and 28 USC §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants conduct business in Arizona and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of Arizona such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

7. Specifically, Defendants knowingly caused events to happen in Arizona out of which the claims have arisen.

8. Venue is proper in this Court pursuant to 28 USC § 1391(b) because Plaintiff is an Arizona entity.

## NATURE OF THE CLAIM

9. Plaintiff owns U.S. federal trademark registration number 5,570,334 to the mark "Modern Vascular."

10. Plaintiff has used its mark since at least 2017 and has acquired a tremendous amount of goodwill in the name and mark.

11. Plaintiff uses that registered name and mark in the medical industry.

12. Plaintiff is the leading provider in the nation in caring for arterial disease, providing services on a national level, including performing over 3,000 procedures in Arizona,

California, Colorado, Washington D.C., Idaho, Illinois, Kansas, Michigan, New Mexico, Nevada, New York, Oregon, South Dakota, Texas, Virginia, Washington, West Virginia, and Wisconsin.

13. Through Plaintiff's extensive use, the Modern Vascular name and mark have become famous, and Modern Vascular has become a trusted brand for medical services.

14. Plaintiff has not authorized any of the Defendants to use Plaintiff's trademark.

15. Plaintiff has not sponsored or approved any of Defendants' actions.

16. Defendants operate a company that uses Plaintiff's trademark.

17. Defendants provide medical services substantially identical to Plaintiff's.

18. Defendants advertised services using Plaintiff's trademark in interstate commerce.

19. Defendants entered into agreements using Plaintiff's trademark with Plaintiff's vendors, Plaintiff's potential business partners, and members of the general public.

20. Defendants' actions cause actual confusion among vendors, Plaintiff's potential business partners, and, upon information and belief, members of the general public.

21. The vendors have confused Defendants with Plaintiff because Defendants are using Plaintiff's name and marks so as to cause confusion.

22. Upon learning of Defendants' infringement, Plaintiff informed Defendant of the infringement and offered to work with them to stop the infringement.

23. Defendants refused and continued to operate with Plaintiff's protected name and marks.

24. Upon information and belief, Defendants intentionally and knowingly used the Plaintiff's established name, reputation, and credit to establish credit lines with third-party vendors of medical supplies.

25. Defendants have intentionally and knowingly confused vendors by using Plaintiff's name and marks even after Plaintiff indicated the possibility for confusion to Defendants.

26. Upon information and belief, Defendants' use of Plaintiff's name and marks was willful, having been adopted with knowledge of Plaintiff's prior rights in and to the name and marks, with the intent to trade on and benefit from the goodwill established by Plaintiff in its name and marks.

**COUNT I—Infringement of Federally Registered Trademark and Service Mark 15 USC § 1114(1)(a)**

27. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

28. Plaintiff has used its federally registered name and mark in commerce in connection with all of its products and services.

29. Upon information and belief, Defendants had both actual and constructive knowledge of Plaintiff's ownership of and rights in its federally registered marks prior to their infringing use of those marks.

30. Defendants adopted and continue to use in commerce Plaintiff's federally registered marks, and marks confusingly similar thereto, with full knowledge of Plaintiff's

superior rights, and with full knowledge that their infringing use of Plaintiff's marks was intended to cause confusion, mistake, and/or deception.

31. Defendants offer their goods and services under the infringing marks in the same channels of trade as those in which Plaintiff's legitimate goods and services are offered.

32. Defendants' infringing use of Plaintiff's name and marks is likely to cause, and has caused, confusion, mistake, or deception as to their affiliation and/or connection Plaintiff in violation of 15 USC § 1114.

33. Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 USC § 1117(a).

34. As a result of Defendants' infringement, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**COUNT II—Federal Unfair Competition and False Designation of Origin 15 USC § 1125(a)**

35. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

36. Defendants have deliberately and willfully attempted to trade on Plaintiff's long-standing and hard-earned goodwill in its name and marks and the reputation established by

Plaintiff in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass off their products and services in commerce as those of Plaintiff.

37. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products and services offered under Plaintiff's marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

38. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants and their products and services, in violation of Section 43 of the Lanham Act, 15 USC § 1125(a)(1).

39. Upon information and belief, Defendants had direct and full knowledge of Plaintiff's prior use of and rights in its marks before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 USC § 1117(a).

40. As a result of Defendants' aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For damages in an amount to be proven at trial for trademark infringement under 15 USC § 1114;

B. For damages in an amount to be proven at trial for trademark dilution under 15 USC § 1125(c);

C. For damages to be proven at trial for unfair competition;

D. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

E. For Plaintiff's reasonable attorneys' fees;

F. For all costs of suit; and

G. For such other and further relief as the Court may deem just, proper, and/or equitable.

DATED this 13th day of January, 2020.

**ANDERSON BANTA CLARKSON PLLC**

By _____
Adam C. Anderson
48 North MacDonald Street
Mesa, AZ  85201
Attorney for Plaintiff